NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ONF SYSTEMS, LLC, <br>                  Plaintiff, <br> v. <br> CARGOMATIC, INC., <br>                  Defendant. | Civil Action No.: 2:16-cv-04050 <br><br> OPINION |

**CECCHI, District Judge.**

## I.    INTRODUCTION

This matter comes before the Court on the motion of Defendant Cargomatic, Inc. ("Defendant") to dismiss Plaintiff ONF Systems, LLC's ("Plaintiff") Amended Complaint. (ECF No. 15). The Court has given careful consideration to the submissions from each party. Pursuant to Fed. R. Civ. P. 78(b), no oral argument was heard.[1] For the reasons that follow, Defendant's Motion to Dismiss is granted.

## II.    BACKGROUND

"On or about July 9, 2015, [Plaintiff] and [Defendant] entered into a certain written contract, entitled "ONF Systems – Co-Brokerage Agreement" (the "Co-Brokerage Agreement")." (ECF No. 12 ¶ 11). The Co-Brokerage Agreement sets forth the nature of the parties' relationship as follows:

> A) The Parties are licensed freight brokers as noted above, and authorized by the FMCSA (Federal Motor Carrier Safety Administration, U.S. Department of Transportation) to arrange for the transportation of freight by motor vehicles (including draymen) and/or railroad intermodal service and desire to work with each other to arrange the transportation of freight on behalf of shipper customers and

---

[1] The Court considers any new arguments not presented by the parties to be waived. *See Brenner v. Local 514, United Bhd. of Carpenters & Joiners of Am.*, 927 F.2d 1283, 1298 (3d Cir. 1991) ("It is well established that failure to raise an issue in the district court constitutes a waiver of the argument.").

> B) This Agreement shall apply to transactions where the broker providing the shipping customer(s) whose freight is to be transported, is designated as Broker A, and the broker who contracts with motor carriers (including draymen), and/or rail carriers to transport freight, is designated as Broker B; and
>
> C) The terms of this Agreement are intended to apply to all co-brokered transactions between the Parties, where either of them may be acting in either capacity, as BROKER A or B.

(ECF No. 17-1 at 11).[2] Moreover, the Co-Brokerage Agreement contains a section pertaining to disputes, which states that:

> In the event of a dispute arising out of this Agreement the Parties shall provide each other with 15 days prior detailed written notice in which to "cure" any alleged default. If no "cure" is completed (or is not substantially in process), legal proceedings may be commenced in not more than two (2) years from date of the last occurrence of default, in the state(s) in which either of them have their principal offices.

(*Id.* at 13).

Sometime after the parties entered into the Co-Brokerage Agreement, Plaintiff contends that Defendant "invoiced [Plaintiff] for various additional charges, including per diem, detention and/or demurrage charges[.]" (ECF No. 12 ¶ 18). Plaintiff maintains that the rates and charges quoted by Defendant, the Co-Brokerage Agreement, and Defendant's "Rates and Rules" do not provide for a charge of per diem, detention, or demurrage. (*See id.* ¶¶ 20-22). Moreover, Plaintiff avers that neither the Co-Brokerage Agreement nor Defendant's "Rates and Rules" obligate Plaintiff to pay per diem, detention, or demurrage, and that Plaintiff did not consent to make such payments. (*Id.* ¶¶ 23-24).

---

[2] On a motion to dismiss, the Court may consider any exhibits attached to the complaint. *See Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). The Court notes that a copy of the Co-Brokerage Agreement was attached to the Amended Complaint; however, such copy was missing Plaintiff's signature. (ECF No. 12-1 at 5). Plaintiff then located and filed a fully executed copy of the Co-Brokerage Agreement, (ECF No. 17-1), which is integral to and explicitly relied upon in the Amended Complaint. The Court may therefore consider it on Defendant's Motion to Dismiss. *See Maturo v. Bank of Am., N.A.*, No. 16-350, 2017 WL 773878, at *1 n.1 (D.N.J. Feb. 27, 2017).

Plaintiff filed a complaint for declaratory judgment in the Superior Court of New Jersey, Middlesex County on May 25, 2016. (ECF No. 1-1). On July 6, 2016, Defendant timely filed a notice of removal in this Court, (ECF No. 1), and on September 13, 2016, this Court granted Plaintiff's motion to amend its complaint. (ECF No. 10). On October 12, 2016, Plaintiff filed its Amended Complaint and on November 9, 2016, Defendant filed its Motion to Dismiss. (ECF No. 15). Plaintiff and Defendant subsequently filed a number of submissions, which have been duly considered by the Court.

### III. LEGAL STANDARD

For a complaint to survive dismissal pursuant to Fed. R. Civ. P. 12(b)(6), it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In evaluating the sufficiency of a complaint, the Court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party. *See Phillips v. Cty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Furthermore, "[a] pleading that offers 'labels and conclusions' . . . will not do. Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (citations omitted).

### IV. DISCUSSION

The filing of Plaintiff's Amended Complaint arose out of a dispute between the parties about payment of per diem, detention, and demurrage under the Co-Brokerage Agreement. (ECF No. 12 ¶¶ 18-30). The Co-Brokerage Agreement states that:

> In the event of a dispute arising out of this Agreement the Parties shall provide each other with 15 days prior detailed written notice in which to "cure" any

3

alleged default. If no "cure" is completed (or is not substantially in process), legal proceedings may be commenced in not more than two (2) years from date of the last occurrence of default, in the state(s) in which either of them have their principal offices.

(ECF No. 17-1 at 13). Defendant contends that "Plaintiff, however, fails to allege, and cannot allege, that it did in fact provide Defendant with 15 days prior detailed written notice in which to 'cure' the alleged default, as required under the purported contract that Plaintiff seeks to enforce." (ECF No. 18 at 2). Defendant therefore avers that the Court should grant its Motion to Dismiss because Plaintiff's Amended Complaint fails to state a claim upon which relief may be granted as Plaintiff failed to comply with a condition precedent. (*See id.* at 2-3).

"Certain contracts contain conditions precedent." *Hill v. Commerce Bancorp, Inc.*, No. 09-3685, 2010 WL 2539696, at *5 (D.N.J. June 17, 2010). "A condition is defined as an act or event which 'must occur before a duty of performance under an existing contract becomes absolute.'" *Castle v. Cohen*, 840 F.2d 173, 177 (3d Cir. 1988) (citations omitted). "A condition precedent in turn is 'an act of a party that must be performed or a certain event that must happen before a contractual right accrues or contractual duty arises.'" *Hill*, 2010 WL 2539696, at *5 (citations omitted). "[U]nless a condition precedent is expressed in clear language, the court must construe it as a promise." *Id.* "While particular language is not required, certain terms such as 'on condition that,' 'provided that' and 'if' are frequently used to express a condition." *Id.* (citations omitted).

"Plaintiff maintains that the notice provision is not a condition precedent to commencing suit." (ECF No. 20 at 1). More specifically, Plaintiff avers that:

> The notice provision in question establishes a mechanism to resolve disputes between the parties short of filing a lawsuit. Although the use of the word "shall" implies that the parties are required to submit a written notice to cure, this provision does not affirmatively state that failure to comply with the notice provision prohibits one party from commencing a suit.

4

(*Id.* at 1-2).

It is well settled that "when the same [document] uses both 'may' and 'shall,' the normal inference is that each is used in its usual sense—the one act being permissive, the other mandatory." *Anderson v. Yungkau*, 329 U.S. 482, 485 (1947). Here, the Co-Brokerage Agreement employs the use of both of the words "may" and "shall," (*compare* ECF No. 17-1 at 12 ("[E]ach Party may . . . ."), *with id.* at 13 ("[T]he Parties shall . . . .")), "demonstrat[ing] that [Plaintiff] knew how to provide mandatory language when that was [its] intent . . . . [and] how to provide for possibilities or for the granting of permission by the use of the word 'may.'" *Gingras v. Gen. Elec. Co.*, 476 F. Supp. 644, 646 (E.D. Pa. 1979).

The Court finds that Plaintiff was required to provide Defendant "with 15 days prior detailed written notice in which to 'cure' any alleged default." (ECF No. 17-1 at 13). The Court must still determine whether such notice was a condition precedent to Plaintiff filing suit. Again, the Co-Brokerage Agreement states that:

> In the event of a dispute arising out of this Agreement the Parties shall provide each other with 15 days prior detailed written notice in which to "cure" any alleged default. *If* no "cure" is completed (or is not substantially in process), legal proceedings may be commenced in not more than two (2) years from date of the last occurrence of default, in the state(s) in which either of them have their principal offices.

(ECF No. 17-1 at 13) (emphasis added).

Although "[c]onditions precedent are disfavored," the Court finds that the Co-Brokerage Agreement sets forth a condition precedent "expressed in clear language." *See Hill*, 2010 WL 2539696, at *5. In addition to using the word "shall," the provision clearly states that "*[i]f* no 'cure' is completed . . . legal proceedings may be commenced[.]" (ECF No. 17-1 at 13). Because 15 days prior detailed written notice is required to cure any alleged default, and legal proceedings may be commenced only *if* such cure is not completed, the Court finds that the Co-

5

Brokerage Agreement sets forth a valid condition precedent. *See Hill*, 2010 WL 2539696, at *5 ("While particular language is not required, certain terms such as 'on condition that,' 'provided that' and 'if' are frequently used to express a condition.").

As an alternative argument, Plaintiff maintains that "any finding that the parties are required to abide by this 15-day notice provision as a condition precedent to filing a lawsuit would be an exercise in futility and a waste of judicial resources." (ECF No. 20 at 2). Moreover, Plaintiff asks the Court "[w]hat purpose would be served by requiring the parties to comply with this pro forma requirement now that the dispute is in litigation?" (*Id.*).

There are several "purposes" of requiring the parties to comply with the condition precedent. First, this requirement promotes the well-settled principle that in construing contracts, if ascertainable, the parties' intentions control. *See Nw. Mut. Life Ins. Co. v. Gridley*, 100 U.S. 614, 616 (1879). Second, imposing the condition precedent promotes the practice of engaging in good faith efforts to resolve disputes prior to initiating litigation. *See Nowak v. Pa. Prof'l Soccer, LLC*, 156 F. Supp. 3d 641, 648 (E.D. Pa. 2016) ("We favor alternative dispute resolution especially between parties of equal bargaining power motivated to finally resolve their dispute in private[.]"). Third, to permit Plaintiff to proceed without satisfying the condition precedent would be contrary to law and may encourage similar conduct by other parties in the future. Accordingly, the Court finds Plaintiff's argument without merit.

Finally, Plaintiff contends that even if the condition precedent applies, Plaintiff has substantially complied "with the spirit of this advance notice provision." (ECF No. 20 at 2). In support of its contention, Plaintiff points to "a series of emails exchanged between the parties in the early part of 2016." (*Id.*). Preliminarily, the Court notes that Plaintiff does not allege in its Amended Complaint that it has substantially complied with the condition precedent. (ECF No.

12). Nor has Plaintiff attached to the Amended Complaint the series of emails referenced in its sur-reply. On that basis alone, the Court should not consider Plaintiff's argument. *See Maturo v. Bank of Am., N.A.*, No. 16-350, 2017 WL 773878, at *1 n.1 (D.N.J. Feb. 27, 2017).

Even if the Court takes into account Plaintiff's argument, the Amended Complaint does not survive dismissal. The series of emails cited by Plaintiff appear to pertain to *Defendant's* requests for payment by Plaintiff's sister company, which Plaintiff's sister company explains have been delayed due to third-parties' non-payments. (ECF No. 15-3 at 56-62). The emails in no way convey *Plaintiff's* intention of filing suit for declaratory judgment with respect to the Co-Brokerage Agreement. Thus, without opining on whether "substantial compliance" could sufficiently substitute the condition precedent, the Court finds that Plaintiff wholly failed to comply with the Co-Brokerage Agreement's notice provision. Accordingly, Plaintiff acted prematurely in filing a complaint against Defendant and the Amended Complaint must be dismissed.[3]

## V. CONCLUSION

For the reasons set forth above, Defendant's Motion to Dismiss is granted. To the extent the pleading deficiencies identified by this Court can be cured by way of amendment, Plaintiff is hereby granted thirty (30) days to file an amended pleading. An appropriate Order accompanies this Opinion.

DATED: Feby 27, 2018

CLAIRE C. CECCHI, U.S.D.J.

---

[3] Having found that Plaintiff's Amended Complaint fails to state a claim upon which relief may be granted for failure to satisfy a condition precedent, the Court need not consider Defendant's remaining arguments in its Motion to Dismiss. (ECF No. 15).

7